IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELICA YANEZ                                                                                        PLAINTIFF

v.                                            CIVIL NO. 20-cv-5089

ANDREW SAUL, Commissioner                                                              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Angelica Yanez, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on February 28, 2017. (Tr. 168). In her application, Plaintiff alleged disability beginning on December 22, 2016, due to: a traumatic brain injury (TBI), post-traumatic stress disorder (PTSD), depression/anxiety, difficulty processing thoughts, difficulty with recall, and needing to be alone frequently. (Tr. 168, 353). An administrative hearing was held on March 20, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 168, 190-220).

On April 23, 2019, the ALJ issued an unfavorable decision. (Tr. 165). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease at the L5-S1 level status post epidural steroid injection, status post TBI secondary to closed head injury, depression, anxiety, and

1

PTSD. (Tr. 170). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 171-72). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except that she is limited to work with simple instructions, simple tasks, and incidental contact with the public. (Tr. 172-79).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform her past relevant work but would be able to perform the representative occupations of: marking clerk with 309,000 jobs in the nation, routing clerk with 53,000 jobs in the nation, or photocopy machine operator with 14,600 jobs in the nation. (Tr. 179-80). The ALJ found Plaintiff was not disabled from December 22, 2016, through the date of his decision. (Tr. 180).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 18, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) whether the ALJ erred by failing to consider Plaintiff's TBI, associated cognitive disorder, and post-concussive syndrome under listing 12.02; 2) whether the ALJ erred in his analysis of the medical opinion evidence; 3) whether the ALJ erred by failing to properly consider the frequency with which Plaintiff would be expected to be absent; and 4) The ALJ's RFC Finding was not supported by substantial evidence. (Doc. 18).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 11th day of February 2021.

/s/*Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE